# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DAVID C. JUAREZ**,

      Plaintiff,

      v.                            Case No. 24-CV-095

**PATRIC J. NOONAN,**

      Defendant.

## ORDER

On January 31, 2025, the defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that *pro se* plaintiff David C. Juarez's suit is barred by the statute of limitations. (ECF No. 25.)

### FACTS

Juarez alleges that sometime in November 2020, while he was housed in the intake level at Racine County Jail, he was woken up by defendant Officer Patric J. Noonan and asked if he wanted to shower. (ECF No. 1, ¶¶ 1, 4-5.) When Juarez declined, Noonan responded that, if he did not shower at that time, he would have to wait another six days to shower. (*Id.*, ¶¶ 6-7.) Noonan then made Juarez shower in an isolated part of the shower cell and filmed him while showering. (*Id.*, ¶¶ 9-13.) Juarez filed his suit on January 1, 2024. (ECF No. 1.) The court allowed Juarez to proceed on a claim against Noonan for recording him showering for either humiliating or sexual gratification purposes. (ECF No. 17.)

## STANDARD OF REVIEW

"To survive a motion to dismiss under Rule 12(b)(6), a complaint must 'state a claim for relief that is plausible on its face.' . . . Factual allegations are accepted as true at the pleading stage, but 'allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion.'" *Adams v. City of Indianapolis,* 742 F.3d 720, 728-29 (7th Cir. 2014) (citations omitted). The allegations must "permit the court to infer more than the mere possibility of misconduct." *Olson v. Champaign Cty., Ill.*, 784 F.3d 1093, 1099 (7th Cir. 2015) (citations omitted). At this stage, the court does not ask whether what is alleged actually occurred but instead whether it could have occurred. *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

## ANALYSIS

Noonan argues that Juarez's complaint is barred by the applicable statute of limitations. Section 1983 does not contain its own statute of limitations, so federal courts borrow the limitations period and tolling rules applicable to personal-injury claims under state law. *Devbrow v. Kalu*, 705 F.3d 765, 767 (7th Cir. 2013) (citing *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012)). In Wisconsin, "the applicable residual statute for § 1983 claims is Wis. Stat. § 893.53." *D'aquisto v. Love,* No. 20-c-1034, 2020 WL 5982895 at *1, (E.D. Wis. Oct. 8, 2020). During the relevant time period, Wis. Stat. § 893.53

2

provided a three-year statute of limitation period. A § 1983 claim accrues on "the date that the plaintiff knew or should have known that his constitutional rights had been violated." *Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006).

The relevant incident occurred in November 2020. Juarez did not file his complaint until January 24, 2024—months after the expiration of the three-year limitations period. Juarez does not contest that he filed his complaint after the three-year limitations period. Instead, he argues that Noonan's motion is inappropriate because it is a dispositive motion and parties were not yet allowed to file a dispositive motion. (ECF No. 31 at 1-2.) He also argues Noonan defaulted because he never answered Juarez's complaint. (*Id.*)

The court already addressed Juarez's arguments when resolving his motion for sanctions, explaining that a motion to dismiss pursuant to Rule 12(b)(6) is a responsive pleading, not a dispositive motion. (ECF No. 28.) The court also instructed Juarez to respond substantively to the motion to dismiss by April 18, 2025, noting that, if Juarez failed to do so, the court would construe the motion as unopposed. (*Id.*)

Because Juarez did not oppose Noonan's contention that Juarez's complaint was filed outside the three-year limitations period, the court grants Noonan's motion. The case is dismissed.

## CONCLUSION

The court grants Noonan's motion to dismiss because Juarez's complaint is barred by the applicable statute of limitations. The case is dismissed.

**THEREFORE, IT IS ORDERED** that Noonan's motion to dismiss (ECF No. 25) is **GRANTED**. The case is **DISMISSED with prejudice**. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 26th day of June, 2025.

BY THE COURT

*William E. Duffin*

WILLIAM E. DUFFIN
United States Magistrate Judge